is moved for trial, and by correcting the erroneous ruling, if any, by appeal. His rights depend upon questions of law, which may be presented and all errors affecting the same corrected, in the ordinary proceeding in the action, without resorting to a writ designed for purposes foreign to the review and correction of those errors which occur in the progress of the trial and decision of causes.

The order should be reversed and the writ quashed.

BRADY and BARRETT, JJ., concurred.

## SUPREME COURT.

THE BENEDICT & BURNHAM MANUFACTURING COMPANY agt. DAVID G. THAYER.

THE PEOPLE *ex rel.* DAVID G. THAYER agt. PETER BOWE, sheriff, &c.

*Execution against the person — Effect of omission to return within sixty days.*

An execution against defendant's person is not void because of the omission to direct its return within sixty days; and a return by the sheriff that the defendant was discharged under an order because of such defect fell with the reversal of the order on which it was based, and the validity of the execution was not impaired thereby.

*First Department, General Term, July,* 1880.

APPEAL in the action from an order denying plaintiff's motion to cancel the sheriff's return upon an execution against the person of the defendant, and to remit said execution to said sheriff.

Appeal in the special proceedings from an order made on *habeas corpus* discharging the defendant in the action from the custody of the sheriff.

*Cephas Brainerd* and *James S. Stearns*, for appellants.

*A. C. Brown*, for respondent.

BARRETT, *J.* — When this case was previously before us we held that the execution against the defendant's person was not void merely because of the omission to direct its return within sixty days. We accordingly directed, what should have been done in the first instance, an immediate amendment to cure this trivial objection, reversed the order discharging the defendant and remanded him to the custody of the sheriff under the execution. It seems, however, that shortly after the argument before us, and while the matter was yet under advisement, the sheriff took upon himself, at whose instigation does not appear, to return the execution, specifying that the defendant had been discharged from custody under the very order, the validity of which was then under consideration. This fact was called to our attention when the order reversing the discharge and remanding the defendant was subsequently made, but we deemed it of no moment. Of course the return fell with the reversal of the order on which it was based. The validity of the execution had been in no wise impaired. It was not like the case of *Gleason and Roberts* (*MS. opinion court of appeals*) where, in consequence of the reversal of the judgment, the very foundation of the execution had fallen. The only reason why we did not at once cancel the return and remit the execution to the sheriff for proper action, in accordance with the facts as they then existed, was because we deemed that to be more properly the function of the special term. We are at a loss to understand, in the absence of any opinion from the court below, why this course was not pursued. It would be a reflection upon the administration of justice if this defendant were to escape the legal consequence of his acts by such unmeritorious technicalities as he has invoked upon both applications. It is clear that the force of the execution was but temporarily

spent by the erroneous discharge and the sheriff's return to that effect. The effect of the reversal was plainly to restore the original and legal status. Practically this could only be done by canceling the return, replacing the execution in the sheriff's hands, and leaving that officer to resume his custody of the defendant and, thereupon, to make a new and proper return.

The order in the action should be reversed, with ten dollars costs and disbursements of the appeal, the return canceled and the execution remitted to the sheriff. The order in the *habeas corpus* proceedings should also be reversed, with ten dollars costs, and disbursements and the prisoner remanded to the custody of the sheriff.